Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (306499)
yana@westcoastlitigation.com
**Hyde & Swigart, APC**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Fax: (619) 297-1022

*Attorneys for Plaintiff*
Ali Sadrarhami

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALI SADRARHAMI,** Individually and On Behalf of All Others Similarly Situated**,**<br><br>Plaintiff,<br><br>v.<br><br>**LIBERTY STUDENT LOAN FORGIVENESS**,<br><br>Defendant. | **Case No:**<br><br>**CLASS ACTION COMPLAINT**<br>**JURY TRIAL DEMANDED**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, et seq.**<br><br>**[JURY TRIAL DEMANDED]** |

///

# Introduction

1. Plaintiff ALI SADRARHAMI ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of LIBERTY STUDENT LOAN FORGIVENESS (hereinafter "Defendant") in negligently or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls and text messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA."

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

> *Id.* at § 12;

///

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13.

5. Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) (The FCC has determined that a text message falls within the meaning of "to make any call" in 47 U.S.C. § 227(b)(1)(A)); *Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727, 734 (N.D. Ill. 2014) (Defendant bears the burden of showing that it obtained Plaintiff's prior express consent before sending her the text message).

**Jurisdiction and Venue**

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law 47 U.S.C. §227(b).

7. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Orange County, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

    (a)    is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

    (b)    does substantial business within this district;

    (c)    is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

    (d)    the harm to Plaintiff occurred within this district.

///

## Parties

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the Orange County, State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant is, and at all times mentioned herein was, a California corporation with a principal place of business in Orange, California, and is a "person," as defined by 47 U.S.C. § 153(39). Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in Orange County, and within this judicial district, placing unlawful calls to debtors via an automatic dialing system.

## Factual Allegations

10. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

11. Defendant is a private company, not affiliated with the department of education or any academic or governmental entity.

12. Defendant offers loan consolidation services and repayment programs.

13. At no time did Plaintiff have any relationship with Defendant nor did Plaintiff solicit Defendant's services.

14. Plaintiff never requested Defendant to review his student loans, calculate consolidated payments, nor did he request Defendant to provide him with any repayment programs.

15. In order to solicit consumers with Defendant's lucrative offers and payment plan options, Defendant calls consumers advising them that "they prequalified for the federal student loan forgiveness program."

16. Despite never soliciting Defendant, on or about April 24, 2018, at approximately 1:01 p.m., Plaintiff received an unwelcomed automated impersonal voicemail from phone number (800) 218-0839 on his cellular telephone number ending in "5114."

17. The voicemail stated, "You're prequalified for the federal student loan forgiveness program. Please call us back at (800) 549-6685 to discuss your

repayment options or press one to be connected to a live representative. Press two if you would like to be removed."

18. This voicemail is meant to deceive consumers into believing that they have dealings with Defendant or Defendant is currently servicing consumers' student loans.

19. The telephone call sent from Defendant's number appeared to be autodialed based on lack of any personal information and the impersonal nature of the soliciting content of the voicemail. Moreover, the voicemail was prerecorded.

20. Further, since Plaintiff had no prior relationship with Defendant, and in fact since Defendant, it shows that Defendant's unsolicited phone call was autodialed.

21. These telephonic communications constituted telephone solicitations, as defined by 47 U.S.C. § 227(a)(4).

22. Defendant's voicemail constitutes a "call" that was not for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. Defendant's voicemail was placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

24. Defendant did not have prior express consent nor a written consent to send marketing phone call to Plaintiff's cellular number, as defined by 47 U.S.C. § 227(a)(4).

25. Plaintiff believes that Defendant used an "automatic telephone dialing system" (or "ATDS"), as defined by 47 U.S.C. § 227(a)(1) to repeatedly send automated text messages and phone calls to Plaintiff's cellular telephone number.

26. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

27. These telephone communications by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

28. Through this action, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

29. Plaintiff was personally affected because Plaintiff was frustrated and distressed that Defendant harassed Plaintiff with the unsolicited marketing phone call using an ATDS despite Plaintiff's request to cease and desist Defendant's unwanted communication.

30. Defendant's autodialed telephone messages forced Plaintiff and similarly situated consumers to live without the utility of their cellular phones by forcing Plaintiff and class members to silence their cellular phones and/or block incoming numbers.

31. Through the aforementioned conduct, Defendant has violated 47 U.S.C. § 227 et seq.

## Class Action Allegations

32. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

33. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who received any phone call from Defendant or their agent(s) and/or employee(s), not sent for emergency purposes, to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of this Complaint.

34. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

35. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally

contacted Plaintiff and the Class members via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members.  Plaintiff and the Class members were damaged thereby.

36. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

37. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendant's records or Defendant's agents' records.

38. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents initiated a telephone call to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing to any telephone number assigned to a cellular phone service;

   b. Whether Defendant can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated);

   c. Whether Defendant's conduct was knowing and/or willful;

d. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

e. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

39. As a person that received at least one telephonic communication from Defendant's ATDS without prior written express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

40. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

41. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

42. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

43. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## First Cause Of Action

## Negligent Violations Of The

## Telephone Consumer Protection Act

## 47 U.S.C. § 227 Et Seq.

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

46. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

47. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## Second Cause Of Action

## Knowing and/or Willful Violations of the

## Telephone Consumer Protection Act

## 47 U.S.C. § 227 Et Seq.

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

50. As a result of Defendant's knowing and/or willful violations of 47 U.S.C.§ 227 et seq, Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

51. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## Prayer For Relief

**WHEREFORE**, Plaintiff and the Class Members pray for judgment as follows:

- Certifying The Class as requested herein;
- Appointing Plaintiff's Counsel as Class Counsel in this matter;
- Providing such further relief as may be just and proper.

In addition, Plaintiff and The Class Members pray for further judgment as follows:

## First Cause of Action for Negligent Violation of the TCPA, 47 U.S.C. § 227 Et Seq.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks, for himself and each Class member an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C.§ 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## Second Cause of Action for Knowing/Willful Violation of the TCPA, 47 U.S.C. § 227 Et Seq.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for themselves $ in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

///

**Trial By Jury**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: 4/27/18                                          **Hyde & Swigart, APC**

                                                       By: /s/ Joshua B. Swigart
                                                           Joshua B. Swigart, Esq.
                                                           Attorney For Plaintiff